IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEREZ TOMAYO TULIO ) | |
| ) | |
| Petitioner, ) | Civil Action No. 05-120 (Erie) |
| ) | |
| v. ) | Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| JAMES SHERMAN, WARDEN, ) | |
| FCI McKEAN, ) | |
| ) | filed electronically |
| Respondent. ) | |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, comes Respondent James Sherman, Warden, FCI McKean ("Respondent"), by and through his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus ("Petition") filed herein as follows:

**I. INTRODUCTION**

Petitioner, Tulio Perez-Tamayo[1] ("Petitioner"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the method by which the Federal Bureau of Prisons ("BOP") calculates Petitioner's good conduct time ("GCT"). Specifically, Petitioner alleges that BOP has wrongly interpreted 18 U.S.C. § 3642(b)(1), thereby depriving him of the possibility of earning a maximum of 54 days of GCT for each year of his sentence, as imposed. As Respondent will demonstrate, the Petition should be dismissed because the recent decision in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), definitively disposes of Petitioner's claim on its merits.

---

[1] Bureau of Prison records indicate that Petitioner's name is actually Tulio Perez-Tamayo. See, e.g., Public Information Inmate Data, attached hereto as Exhibit 1.

II. **ARGUMENT**

A. **The Petition must be dismissed because BOP has properly interpreted the phrase "term of imprisonment" in its calculation of Petitioner's good conduct time.**

Petitioner's claim fails because BOP's interpretation of the phrase "term of imprisonment" in 18 U.S.C. § 3624(b) to mean "time served" rather than "sentence imposed" is reasonable and entitled to deference. Accordingly, the Petition must be dismissed.

The statute which authorizes BOP to award GCT to federal inmates is 18 U.S.C. § 3624(b), which provides, in pertinent part:

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> . . . [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b).[2]

At issue in this case is the propriety of BOP's interpretation of phrase "term of

---

[2] Because Petitioner's offense was determined to have been committed on June 1, 1999, Petitioner is subject to the version of 18 U.S.C. § 3624(b) cited above, which was implemented under the Prison Litigation Reform Act of 1995 ("PLRA")(effective April 26, 1996). Section 3624(b) was initially implemented under the Sentencing Reform Act of 1984, and was subsequently modified by the Violent Crime Control and Law Enforcement Act of 1994 (effective September 13, 1994), as well as the aforementioned PLRA. However, neither the manner in which GCT is computed, nor the legal analysis of that calculation, has been changed or altered by any of the amendments to the statute.

imprisonment," in section 3624(b). Petitioner urges that the meaning of the phrase "term of imprisonment" is unambiguous, and requires BOP to calculate GCT based on the length of the <u>sentence</u> <u>imposed</u> upon him. BOP, however, calculates a prisoner's GCT based on the length of time a prisoner <u>actually</u> <u>serves</u> in prison. BOP's method of calculation is set forth in Program Statement 5880.28. In addition, BOP has promulgated a rule, using the notice and comment procedure of the Administrative Procedure Act, 5 U.S.C. § 553, which reflects BOP's interpretation of "term of imprisonment" as "time served" for purposes of calculating GCT. <u>See</u> 28 C.F.R. § 523.20. Thus, under BOP's methodology (and assuming good behavior), Petitioner would earn fifty-four days of GCT for each complete year <u>actually</u> <u>served</u>, plus a prorated amount of GCT for the last portion of the final year of incarceration actually served.

      Overwhelming legal authority establishes that BOP's methodology is proper. During the past few years, federal inmates throughout the United States have brought challenges to BOP's method for calculating GCT. Without exception, every United States Court of Appeals that has addressed this issue – including the United States Court of Appeals for the Third Circuit – has upheld BOP's method of calculating GCT based upon the amount of time actually served. In <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005), petitioner O'Donald applied for a writ of habeas corpus based upon the argument presented by Petitioner in the instant matter: that is, that "term of imprisonment" should be interpreted as "sentence imposed," and that O'Donald should therefore be credited with 54 days of GCT for each year of his full twelve year sentence. <u>Id</u>. at 173. In opposition, respondent argued that GCT should be based upon the amount of time actually served. <u>Id</u>. The Third Circuit rejected O'Donald's proposed interpretation of "term of imprisonment," reasoning that "[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually

incarcerated." Id. at 174. The Third Circuit ultimately found the phrase in question to be ambiguous, but held that BOP's interpretation of the statute was reasonable and entitled to deference pursuant to the requirements for agency statutory construction set forth in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984). In approving BOP's interpretation, the court noted:

> In particular, we agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated.

O'Donald, 402 F.3d at 174. When it upheld BOP's interpretation of section 3624(b), the Third Circuit joined the First, Fifth, Seventh, and Ninth Circuits, each of which had made the same determination in similar cases. See Perez-Olivo v. Chavez, 394 F.3d 45, 52 (1st Cir. 2005); Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005); White v. Scibana, 390 F.3d 997, 1003 (7th Cir. 2004); Pacheco-Comacho v. Hood. 272 F.3d 1266, 1270 (9th Cir. 2001). Since the Third Circuit decided O'Donald earlier this year, the Fourth and Eleventh Circuits have also reached the same conclusion on this issue, both citing O'Donald with approval. See Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); Brown v. McFadden, No. 04-14132, 2005 WL 1618739, at *1-2, (11th Cir. July 12, 2005).[3]

Pursuant to the Third Circuit's holding in O'Donald v. Johns, BOP's methodology for

---

[3] The Eighth Circuit has also issued two nonpublished opinions which hold that BOP's calculation of good conduct time credit, based on time actually served, rather than imposed, is reasonable and entitled to deference. See James v. T.C. Outlaw, 126 Fed. Appx. 758 (8th Cir. 2005); United States of America v. Wittman, No. 04-3488, 2005 WL 1663134, at *1 (8th Cir. July 18, 2005) (citing O'Donald v. Johns).

4

calculating Petitioner's good conduct time, which is based upon the amount of time actually served by Petitioner, is correct, and the Petition should therefore be dismissed, with prejudice.

**B.  The rule of lenity has no application to this case.**

Petitioner's argument that the rule of lenity should apply in this case is meritless. The rule of lenity requires that ambiguities in a criminal or punitive statute be resolved in favor of the defendant. See, e.g., United States v. Bass, 404 U.S. 336, 348 (1971); United States v. One 1973 Rolls Royce, 43 F.3d 794, 819 (3d Cir. 1994). This rule has been applied in contexts beyond just criminal statutes. See e.g., United States v. Thompson/Center Arms Co., 504 U.S. 505 (1992), (applying the rule of lenity in a civil context where ambiguous statue had some criminal applications). The rule of lenity, however, is invoked only when, "after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." United States v. Thayer, 201 F.3d 214, 220 (3d Cir. 1999), cert. denied, 530 U.S. 1244 (2000) (quoting Muscarello v. United States, 524 U.S. 125 (1998)); see also United States v. Hescorp. Heavy Equip Sales Corp., 801 F.2d 70, 77 (2d Cir. 1986), cert. denied, 479 U.S. 1018 (1986)("[the rule of lenity] is a doctrine of last resort, to be used only after the traditional means of interpreting authoritative texts have failed to dispel any ambiguities").

Further, the rule of lenity does not provide an interpretive back door by which an agency's construction, found by a court to be reasonable, may be avoided. See, e.g., United States v. Kanchanalak, 192 F.3d 1037, 1050, n. 23 (D.C. Cir. 1999) ("To argue, as defendants do, that the rule of lenity compels us to reject the FEC's otherwise reasonable interpretation of an ambiguous statutory provision is to ignore established principles of law"). Nor does the rule of lenity prevent an agency from resolving statutory ambiguity through promulgation of a valid regulation. See, e.g.,

5

Pacheco-Comacho v. Hood, 272 F.3d at 1271.  In such a case, the regulation gives the public sufficient warning to ensure that no one could mistake the ambit of the law or its penalties. Id.

In O'Donald v. Johns, the Third Circuit held that the rule of lenity was not applicable where the petitioner was challenging the calculation of GCT pursuant to 18 U.S.C. § 3624(b), because the court was otherwise able to resolve the ambiguity of that statute.  O'Donald v. Johns, 402 F.3d at 174; see also, Yi v. Federal Bureau of Prisons, 412 F.3d at 535 ("[D]eference trumps lenity when courts are called upon to resolve disputes about ambiguous statutory language," citing Sash v. Zenk, 344 F.Supp.2d 376, 383 (E.D.N.Y. 2004)); Perez-Olivo v. Chavez, 394 F.3d at 53 (determining that the rule of lenity should not apply to the non-criminal GCT statute, and noting that, even if it did apply, it would not foreclose deference to BOP's reasonable interpretation of the statute); Pacheco-Comacho v. Hood, 272 F.3d at 1272 ( "To the extent that there is any ambiguity in section 3624(b), the BOP has resolved it through a reasonable interpretation, and the rule of lenity does not apply").

The overwhelming legal authority establishes that BOP's interpretation of "term of imprisonment" to mean "time served" is reasonable and entitled to deference, and that the rule of lenity does not apply.  BOP's calculation of Petitioners' GCT time therefore must be upheld, and the Petition for Writ of Habeas Corpus should be denied.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within Response, by mail or electronic filing, upon the following:

Tulio Perez-Tamayo<br>
Register No. 67020-053<br>
FCI McKean<br>
P.O. Box 8000<br>
Bradford, PA  16701

    s/ Christy Wiegand
CHRISTY WIEGAND

Date:   September 23, 2005